UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTEN BILLER, on her own behalf and all similarly situated individuals,

    Plaintiff,

v.                                 Case No: 2:14-cv-659-FtM-29DNF

CAFE LUNA OF NAPLES, INC., a Florida profit corporation, CAFE LUNA EAST, a Florida limited liability company, EDWARD J. BARSAMIAN, individually, and SHANNON RADOSTI, individually,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. #17) filed on January 26, 2015. No response has been filed and the time to respond has expired. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff Kristen Biller has filed a Complaint (Doc. #1) against Defendants Café Luna of Naples, Inc., Café Luna East, Edward J. Barsamian, and Shannon Radosti, on her own behalf and on behalf of other similarly situated individuals, for overtime and minimum wage compensation relief under the Fair Labor Standards Act (FLSA). On January 5, 2015, Defendants filed their Answer and

Affirmative Defenses (Doc. #15).  Plaintiff now moves to strike certain of those affirmative defenses as well as Defendants' demand for attorneys' fees, arguing that they are inadequately pled and/or are not valid defenses to an FLSA claim.

**II.**

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter."  Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999).  Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure.  A party must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(A).

As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Thus, "[w]hile an answer need not include a

detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal quotations omitted). The purpose of this pleading requirement "is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." <u>Hassan v. U.S. Postal Serv.</u>, 842 F.2d 260, 263 (11th Cir. 1988).

### III.

**A. Affirmative Defenses**

Plaintiff moves to strike Defendants' sixth, tenth, eleventh, twelfth, fourteenth, and sixteenth affirmative defenses. In numerical order, those defenses allege in their entirety:

- Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq.

- Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel or laches.

- Plaintiff's claims are barred in whole or in part by accord and satisfaction, settlement or payment and release.

- Plaintiff has failed to exhaust all administrative remedies.

- Plaintiff has failed to mitigate her alleged damages.

- Defendants reserve the right to assert further affirmative defenses as discovery proceeds.

(Doc. #15, pp. 8-9.)

The first five of the challenged defenses are pled in the broadest possible terms and do not provide any information connecting them to Plaintiff's claims. Such defenses fail to provide Plaintiff with adequate notice of the issue(s) Defendants seek to raise and therefore are precisely the type of bare-bones conclusory allegations that must be stricken. <u>Microsoft</u>, 211 F.R.D. at 684. Defendants will be granted leave to amend.

The last of the challenged defenses is an attempt by Defendants to reserve their right to assert additional affirmative defenses in the future. It does not respond to the allegations of the Complaint and does not raise any facts to vitiate Plaintiff's claims. As such, it is not a proper affirmative defense and will be stricken. If, as discovery proceeds, Defendants wish to amend their Answer to add additional affirmative defenses, they may seek to do so via an appropriate motion.

**B.   Attorneys' Fees**

Defendants' Answer concludes with a demand for attorneys' fees. Although attorneys' fees are statutorily authorized to a prevailing plaintiff under the FLSA, a prevailing defendant is not entitled to attorneys' fees unless the litigation was in bad faith. <u>Turlington v. Atlanta Gas Light Co.</u>, 135 F.3d 1428, 1437 (11th Cir. 1998), <u>cert. denied</u>, 525 U.S. 962 (1998). A request for attorneys' fees does not respond to the allegations of the Complaint and does not raise any facts to vitiate Plaintiff's

claims.  Therefore, it is not a viable defense and will be stricken.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion to Strike (Doc. #17) is **GRANTED.** Defendants' sixth, tenth, eleventh, twelfth, fourteenth, and sixteenth affirmative defenses, and Defendants' demand for attorneys' fees are **STRICKEN**.  Defendants are granted leave to amend their sixth, tenth, eleventh, twelfth, and fourteenth affirmative defenses within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of April, 2015.

                                               _/s/ John E. Steele_
                                               JOHN E. STEELE
                                               UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record