UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTEN BILLER, on her own behalf and all similarly situated individuals,

    Plaintiff,

v.  Case No: 2:14-cv-659-FtM-29MRM

CAFE LUNA OF NAPLES, INC., a Florida profit corporation, CAFE LUNA EAST, a Florida limited liability company, EDWARD J. BARSAMIAN, individually, and SHANNON RADOSTI, individually,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. #52) filed on November 18, 2015. Defendants filed a Response in Opposition (Doc. #53) on December 2, 2015. For the reasons set forth below, Plaintiff's Motion is denied without prejudice as moot.

I.

Kristen Biller (Plaintiff) initiated this action on November 12, 2014 by filing a Complaint (Doc. #1) on behalf of herself and all other similarly-situated individuals against Defendants Café Luna of Naples, Inc., Café Luna East, Edward J. Barsamian, and

Shannon Radosti (collectively, Defendants). Counts I (FLSA Overtime Claim) and II (FLSA Minimum Wage Claim) allege, respectively, violations of the overtime wage and minimum wage provisions of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq. Count III (Florida Unpaid Wages Claim) alleges violations of the Florida Constitution and the Florida Minimum Wage Age (FMWA), Fla. Stat. § 448.110.

Specifically, Plaintiff alleges that, in October 2013, she began working for Defendants as a restaurant "server" (Doc. #1, ¶ 50); that she regularly worked in excess of forty (40) hours per week (id. ¶ 51); that Defendants did not compensate her at a rate of one and one-half times her regular rate for time worked in excess of forty (40) hours per week (id. ¶ 52); and that Defendants impermissibly took a "tip-credit," by which they unjustly retained a portion of her tips and thereby failed to pay her the applicable minimum wage. (Id. ¶¶ 53-54.) Plaintiff contends that these wage violations were willful. (Id. ¶¶ 64-66.) She also claims that Defendants failed to maintain accurate time records. (Id. ¶ 67.)

With respect to both the FLSA Minimum Wage and Overtime Claims, the Complaint identifies only one group of similarly-situated individuals: "servers." (Id. ¶ 63.) "Servers" are further defined as "those who performed the same or similar job duties as one another in that they served Defendants [sic] patrons food and beverages." (Id. ¶ 57.) Between May 11, 2015 and August

20, 2015, five individuals (the Opt-ins) filed Consents to Join this case (Docs. ##27, 32, 38, 39, 50). No additional Consents to Join have since been filed, and, in fact, one individual has withdrawn his (Doc. #49).

Having waited more than one year since filing her Complaint, Plaintiff now moves for conditional certification of this case as a collective action under the FLSA.[1] According to the Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Motion to Certify), Plaintiff seeks to facilitate notice to two separate groups of "similarly-situated individuals." With respect to her FLSA Minimum Wage Claim, Plaintiff wants to provide notice to "the limited class of Servers who were not paid at least minimum wages as required by the [FLSA], because they participated in Defendants' tip pool with employees who do not customarily and regularly receive tips, and/or were not allowed by Defendants to retain all of their tips as required by the FLSA." (Doc. #52, pp. 1-2.) As for her FLSA Overtime Claim,

---

[1] In addition to asking for conditional certification, Plaintiff requests that the Court (i) approve her proposed Notice of Lawsuit with Opportunity to Join (Proposed Notice) (Doc. #52-1); (ii) permit posting of the approved Proposed Notice inside Café Luna restaurant; (iii) determine that a three-year statute of limitations period is appropriate for notice purposes; and (iv) order Defendants to provide Plaintiff with the names and addresses of all potential class members. Although Plaintiff has not specifically so requested, the Court presumes Plaintiff also seeks judicial approval of her proposed Consent to Join Collective Action and Be Represented by Morgan and Morgan P.A. (Doc. #52-2).

Plaintiff seeks to provide notice to "the class of Servers, Bussers, Food Runners, and Hostess employees" who were not paid overtime in accordance with the FLSA. (<u>Id.</u> p. 2.) Plaintiff's Proposed Notice defines the two classes even more broadly:

> Plaintiff seeks to sue on behalf of any and all Servers employees who have worked for Café Luna at any time within the past three years (or who are currently employed by Defendants), for whom Defendants' [sic] took the "tip credit" <u>or paid the Servers wage rather than the regular minimum wage</u>. The Plaintiff also seeks to sue on behalf of <u>all hourly-paid employees</u> who worked in excess of 40 hours in a workweek in one or more workweeks, but whom Defendants failed to pay overtime premiums to for such overtime hours worked.

(Doc. #52-1, p. 2 (emphases added).)

Plaintiff contends that conditional class certification is warranted because the sum of the "Complaint [sic] allegations, Defendants' Answer thereto, Plaintiff's sworn Declaration, and those of [the Opt-ins] easily exceeds the applicable burden of persuasion that a colorable basis exists for determining that others similarly situated to plaintiff exist." (Doc. #52, pp. 11-12.)

Defendants oppose the Motion to Certify on several grounds. First, they contend that the proposed number of opt-in plaintiffs is too small for conditional certification of a class. (Doc. #53, p. 1.) Second, they highlight Plaintiff's "fail[ure] to submit any proof based upon personal knowledge that the tip share

arrangement was in violation of [the] FLSA." (Id.) Third, they disagree with the breadth of the proposed class for the FLSA Overtime Claim,[2] arguing that "it is clear from the declarations submitted that this claim only involves employees who simultaneously worked at two Café Luna locations." (Id. p. 3.) Finally, Defendants object to Plaintiff's request to post the Proposed Notice at Café Luna, as well as to certain substantive aspects of the Proposed Notice.[3] (Id. p. 4.)

## II.

Although Plaintiff's Motion to Certify is ripe for review, an obstacle prevents the Court from so doing: Plaintiff's Complaint is a shotgun pleading and must, therefore, be dismissed.

The war against shotgun pleadings has been waging in this Circuit for more than thirty years, and there is "no ceasefire in sight." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). The Eleventh Circuit Court of Appeals

---

[2] It is unclear whether Defendants refer to the Overtime Claim class that is proposed in the Motion to Certify ("Servers, Bussers, Food Runners, and Hostess employees" who were not paid overtime in accordance with the FLSA (Doc. #52, p. 2)), or to the class described in the Proposed Notice ("all hourly-paid employees" to whom Defendants failed to pay proper overtime (Doc. #52-1, p. 2)).

[3] Defendants incorporate these objections into a "redline" version of Plaintiff's Proposed Notice. The "redline" and a "clean," final version are attached to Defendants' Response as Exhibits B and C (Docs. ##53-2, 53-3), respectively.

recently delineated the "four rough types or categories of shotgun pleadings" that have been filed since 1985:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against.

Id. at 1321-23.

The Eleventh Circuit has also noted that, "[w]hile plaintiffs have the responsibility of drafting complaints [that do not constitute shotgun pleadings], defendants are not without a duty of their own in this area. . . . [A] defendant faced with a shotgun pleading should move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." Id. at 1321 n.10. Given the longstanding and unwavering nature of this war, parties are on notice of, and are expected to comply with, their

respective duties. However, where the parties fail to so comply, the Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. Id.

Plaintiff's Complaint falls into the first and fourth categories of offending pleadings set forth in Weiland. Each of the three Counts incorporate nearly all of the prior allegations, when incorporation should have been limited to those previous allegations relevant to that particular claim.[4] See Parker v. Sonic-FM, Inc., No. 2:10-CV-453-FTM-29, 2010 WL 5477281, at *2 (M.D. Fla. Dec. 30, 2010).

The second problem is that the Complaint treats all Defendants indiscriminately, rather than attributes specific actions and allegations to particular Defendants. The Court acknowledges Plaintiff's argument that Defendants operated as "a joint enterprise," but the Complaint never specifies the nature of Plaintiff's employment with one or more of the Defendants; rather, Plaintiff alleges, generally, that "Defendants hired Plaintiff to work as a non-exempt 'Server'" (Doc. #1, ¶ 50); that "Plaintiff worked for Defendants in excess of forty (40) hours within a work week" (id. ¶ 51); that "Defendants failed to compensate Plaintiff"

---

[4] Plaintiff's incorporation of paragraphs 1-84 into Count III, which purports only to state a claim for Defendants' failure to pay minimum wages under Florida law, is particularly problematic, since many of those paragraphs contain allegations relevant to Plaintiff's claim for *overtime* wages under the FLSA (e.g., ¶¶ 51, 52, 55, 60, 79-86).

for overtime, as the FLSA requires (id. ¶ 52); and that "Defendants failed to pay Plaintiff at least the applicable minimum wage for all weeks or hours worked." (Id. ¶ 53.) These vague allegations do not provide the necessary information to determine, in essence, who did what. "Head-scratching about holes left by the shotgun — which facts support which claim against which Defendant — should not be the job of the court: the complaint should clearly and plausibly say so." Dubose v. City of Hueytown, No. CV-15-BE-852-S, 2015 WL 5011383, at *6 (N.D. Ala. Aug. 24, 2015). Plaintiff's Complaint does not.

Rather than identifying the issue and moving to require Plaintiff to correct these problems, Defendants filed an Answer (Doc. #15) containing sixteen affirmative defenses, six of which this Court struck with leave to amend (Doc. #22). The Court must nevertheless dismiss the Complaint but will provide Plaintiff the opportunity to replead. Weiland, 792 F.3d at 1321 n.10. Plaintiff has seven (7) days from the date of entry of this Opinion and Order to file an Amended Complaint, should she so choose. Defendants have seven (7) days from the date Plaintiff files her Amended Complaint to respond thereto. If Plaintiff chooses to replead, the Amended Complaint should clarify the nature of Plaintiff's employment relationship with one or more of the Defendants, and each Count should incorporate only those previous allegations relevant to that particular claim.

Having dismissed the Complaint, the Court denies Plaintiff's Motion to Certify as moot. However, anticipating that Plaintiff will file another Motion to Certify once the parties have submitted their amended pleadings, the Court finds it prudent to note that it would have denied Plaintiff's Motion. The two classes proposed and the offending activity alleged in the Motion to Certify far exceed the scope of the one class proposed and the violations alleged in the Complaint. Further, the class descriptions and FLSA violations alleged in Plaintiff's Proposed Notice are broader than those in both the Motion to Certify and the Complaint. Similar incongruities will prove fatal for any future Motion to Certify. See Herrera v. U.S. Serv. Indus., No. 2:12-cv-258-FtM-29DNF, 2013 WL 1610414, at *2-3 (M.D. Fla. Apr. 15, 2013); Pimentel v. HGA Quest, Inc., No. 2:12-cv-176, 2013 WL 1464273, at *2 (M.D. Fla. Apr. 11, 2013).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice.**

2. Plaintiff may file an Amended Complaint within **seven (7) days** of the entry of this Opinion and Order.

3. Defendants have **seven (7) days** from the date Plaintiff files an Amended Complaint to respond thereto.

4. Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. #52) is **DENIED without prejudice as moot**.

**DONE and ORDERED** at Fort Myers, Florida, this 2nd day of February, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record