UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTEN BILLER, on her own
behalf and all similarly
situated individuals,

       Plaintiff,

v.                  Case No: 2:14-cv-659-FtM-29MRM

CAFE LUNA OF NAPLES, INC., a
Florida profit corporation,
CAFE LUNA EAST, a Florida
limited liability company,
EDWARD J. BARSAMIAN,
individually, and SHANNON
RADOSTI, individually,

       Defendants.

_____

## OPINION AND ORDER

     This matter comes before the Court on Plaintiff's Renewed

Motion to Conditionally Certify Collective Action and Facilitate

Notice to Potential Class Members (Doc. #62) filed on February 23,

2016. Defendants filed a Response (Doc. #65) in Opposition on

March 8, 2016. For the reasons set forth below, the Renewed Motion

is denied.

## I.

     Kristen Biller (Plaintiff) initiated this action on November

12, 2014 by filing a three-count Complaint (Doc. #1) on behalf of

herself and other similarly-situated individuals against

Defendants Café Luna of Naples, Inc., Café Luna East, Edward J.

Barsamian, and Shannon Radosti (collectively, Defendants).  The
Complaint alleged violations of Section 216(b) of the Fair Labor
Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq., and of
Article X, Section 24 of the Florida Constitution, as implemented
by the "Florida Minimum Wage Age" (FMWA), Fla. Stat. § 448.110.
The Court dismissed the Complaint *sua sponte* because it was a
shotgun pleading.  (Doc. #57.)  Having dismissed the Complaint,
the Court also denied without prejudice as moot Plaintiff's pending
Motion to Conditionally Certify Collective Action and Facilitate
Notice to Potential Class Members (Doc. #52).  Without addressing
the arguments raised in Defendants' Response in Opposition (Doc.
#53), the Court noted that it would have denied the Motion anyway:

> The two classes proposed and the offending
> activity alleged in the Motion to Certify far
> exceed the scope of the one class proposed and
> the violations alleged in the Complaint.
> Further, the class descriptions and FLSA
> violations alleged in Plaintiff's Proposed
> Notice are broader than those in both the
> Motion to Certify and the Complaint.

(Doc. #57, p. 9.)  The Court also observed that "[s]imilar
incongruities w[ould] prove fatal for any future Motion to
Certify."  (Id.)

Plaintiff filed an Amended Complaint (Doc. #58) on February
5, 2016.  Like the original Complaint, the Amended Complaint
alleges violations of the FLSA and the FMWA and is filed on behalf
of Plaintiff and those similarly-situated.  Specifically,

Plaintiff contends that, in October 2013, she began working for Defendants as a restaurant "server" (Doc. #58, ¶ 63); that she regularly worked in excess of forty (40) hours per week (id. ¶ 64); and that Defendants did not compensate her at a rate of one and one-half times her regular rate for time worked in excess of forty (40) hours per week (the Minimum Wage Claim). (Id. ¶ 65.) Plaintiff also claims that Defendants failed to pay her the correct "tipped" minimum wage by requiring her to contribute a portion of her tips to a tip pool and then both illegally retaining a portion of the tips for themselves and distributing a portion to employees who were ineligible to participate in the pool (the Overtime Wage Claim).[1] (Id. at ¶¶ 71-75.)

Plaintiff thereafter filed the at-issue Renewed Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Renewed Motion to Certify or Renewed Motion). Attached to the Renewed Motion is a Proposed Notice of Lawsuit which states, under the heading "COMPOSITION OF THE CLASS":

> Plaintiff seeks to sue on behalf of any and all Servers employees who have worked for Café Luna at any time within the past three years (or who are currently employed by Defendants), for whom Defendants' [sic] took the "tip credit" or paid the servers wage rather than the regular minimum wage. The Plaintiff also seeks to sue on behalf of all hourly-paid

---

[1] She also contends Defendants were not entitled to take a "tip credit" because they did not "give adequate notice of their intention to do so as required by 29 U.S.C. § 203(m)." (Doc. #58, ¶ 74.)

> employees who worked in excess of 40 hours in
> a workweek in one or more workweeks, but whom
> Defendants failed to pay overtime premiums to
> for such overtime hours worked.

(Doc. #62-1, p. 2.)  As before, Defendants argue that conditional certification should be denied because the proposed number of opt-in plaintiffs is too small.  In the alternative, Defendants oppose certification of a collective action on the Minimum Wage Claim because Plaintiff has not articulated the basis for her "knowledge" of an allegedly-illegal tip-sharing practice, and they request that the proposed Overtime Wage Claim class be limited to only those employees who worked at both Café Luna locations in the same workweek.

Resolution of the Renewed Motion to Certify does not require the Court to address these arguments.  Plaintiff's second bite at the conditional-certification apple fails for the same reason as the first: the class definitions in the Proposed Notice of Lawsuit do not match the allegations in the Amended Complaint.  The Amended Complaint states that the Minimum Wage Claim class is "properly defined as: All 'Servers' who worked for Defendants within the last three years who were required to participate in Defendants' mandatory tip pools(s)."  (Doc. #58, ¶ 78.)  The language in the Proposed Notice of Lawsuit is substantially broader and seeks to sue on behalf of both servers "for whom Defendants' [sic] took the tip credit" – which itself is not necessarily the same group of

servers who were required to participate in a tip pool[2] - but also on behalf of servers who were paid "wage rather than the regular minimum wage." (Doc. #62-1, p. 2.)  The Amended Complaint neither alleges that Defendants paid certain servers "wage rather than the regular minimum wage" nor claims that such a practice violates the FLSA's minimum wage provisions - let alone explains what it means to "pay wage" and not "regular minimum wage."[3]

The same incongruity exists for the Overtime Wage Claim. According to the Amended Complaint, the class is "properly defined as: All hourly-paid employees who worked for Defendants at **both of Defendants' restaurant locations within the same workweek**, in one or more workweeks within the last three years, who worked in excess of 40 hours per week when the hours worked at both restaurants are taken together." (Doc. #58, ¶ 88 (emphasis added).)  Were the Court to grant Plaintiff's Renewed Motion to Certify and approve the Proposed Notice of Lawsuit, however, it is not just those who worked at both Café Luna locations for a total of more than 40

---

[2] Moreover, whereas a former or current server would certainly know whether she was/is required to participate in Defendants' tip pool, it is not clear to this Court that she would similarly know whether she is someone for whom Defendants took a tip credit.

[3] The class definitions in the Amended Complaint and the Proposed Notice also differ from that in the Renewed Motion, which includes not just servers who had to participate in the tip pool, but also servers who – for whatever reason – "were not allowed by Defendants to retain all of their tips as required by the FLSA." (Doc. #62, pp. 1-2.)

hours in the same workweek who would be eligible class members, but rather, "**all** hourly-paid employees who worked in excess of 40 hours in a workweek" and who were not paid overtime. (Doc. #62-1, p. 2 (emphasis added).)   This discrepancy is particularly problematic, since the Complaint specifically alleges that "Defendants' failure to pay proper overtime . . . resulted from a common policy whereby Defendants **failed to combine all hours worked each workweek at both restaurants** . . . and instead only paid . . . overtime premiums when [employees] . . . worked over 40 hours at a single location."[4]   (Doc. #58, ¶ 86 (emphasis added).) Plaintiff's proposed Overtime Wage Claim class thus not only exceeds the scope of the Amended Complaint's allegations, it contradicts those allegations.[5]

The Court previously advised that continued incongruities would prove fatal to future attempts at conditional certification. Because the discrepancies have persisted, the Court denies Plaintiff's Renewed Motion. See Herrera v. U.S. Serv. Indus., No. 2:12-cv-258-FtM-29DNF, 2013 WL 1610414, at *2-3 (M.D. Fla. Apr.

---

[4] The Renewed Motion to Certify, in contrast, contains the significantly broader allegation that the overtime-wage violations resulted from "Defendants' common policy whereby they failed to pay proper overtime wages to their hourly-paid employees." (Doc. #62, p. 2.)

[5] Whether the Overtime Wage Claim class is limited to hourly-paid employees who worked at both Café Luna locations will likely impact the potential class size, since, according to the Renewed Motion to Certify, one Café Luna location has ceased operating.

15, 2013); <u>Pimentel v. HGA Quest, Inc.</u>, No. 2:12-cv-176, 2013 WL 1464273, at *2 (M.D. Fla. Apr. 11, 2013).  Should Plaintiff again seek conditional certification, she should ensure that the class or classes discussed in the Motion for Conditional Certification and proposed in the Notice of Lawsuit match the allegations in her Amended Complaint.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Renewed Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. #62) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 12th day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record